

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# Ayala v. Terhune

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1925

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Ayala v. Terhune" (2006). *2006 Decisions.* Paper 593.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/593

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1925
_____

TEOFILO AYALA,

Appellant

v.

JACK TERHUNE, Commissioner of DOCS;
ST. FRANCIS MEDICAL CENTER;
ELLEN WARNER, Ms., Hospital Administrator of NJSP;
JAMES A. WEBB, DR.; ROSNER, DR.; RICKETTI, DR.;
MARC R. RUBIN, DR.; SEELAGY, DR.; STEEGER, DR.;
NUGENT, DR.; LESLIE SALLOUM, DR.;
KIMBERLEY A. BUSCH, Nurse; JENNIFER P. WOODY, Nurse;
JACKSON, Medical Unit Officer; KEVIN GERALD, Officer;
SHIRLEY TYLER, Assistant Medical Matter;
JUDITH A. PERSCHILLI, CEO of SFMCH;
SUSAN MAURER, Acting Commissioner of DOCS;
ROY L. HENDRICKS, Administrator of New Jersey State Prison;
GEORGE ACHEEBE, DR.; WILLIAM H. FAUVER, Commissioner;
S. CAROLE HOLT, Regional Manager Correctional Medical Service;
PETERSON, MS, Director of Nurses;
DONALD LEWIS, Assistant Supt. Medical Matters;
SHEILA LEE, Quality Assurance of Medical Mtr.;
HOWARD L. BEYER, Administrator of NJSP, Until 1994;
DEVON BROWN, Commissioner, Department of Corrections;
KIRBY, Special Corrections Officer
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-00373)
District Judge: Mary L. Cooper
_____

Submitted Under Third Circuit L.A.R. 34.1(a)

Before: SLOVITER, SMITH AND VAN ANTWERPEN
(Filed: August 15, 2006)
_____

OPINION
_____

PER CURIAM

Teofilo Ayala, pro se, appeals an order of the United States District Court for the

District of New Jersey dismissing his civil rights action pursuant to Federal Rules of Civil

Procedure 56(c).

The procedural history and factual background of this matter are well known to the

parties and, thus, we need only provide a summary here.  Ayala has been incarcerated in

New Jersey since 1983, and was an inmate at the New Jersey State Prison (NJSP) from

1997 until his transfer to South Woods State Prison on August 6, 2003.  Ayala has a

history of hospitalizations for abdominal problems, including one for acute ulcerative

colitis in 1992.  In January 1995, Ayala underwent an unsuccessful sub-total colectomy

and an end ileostomy at the St. Francis Medical Center.  In March 1995, surgeons

attempted to replace the portion of the colon that was removed two months before, but the

corrective surgery proved unsuccessful.  In her discharge instructions, Dr. Salloum

suggested that Ayala "may require" future evaluation at a larger medical center for

possible colostomy reversal surgery.

From 2000 through 2003, Ayala made repeated requests to NJSP and CMS

administrators seeking approval for colostomy reversal surgery, to which he received

2

little or no response. After he filed suit in 2002, Ayala was evaluated by Dr. Herzog at St. Francis Medical Center at the request of Dr. Achebe. Although Dr. Herzog's initial impression in early 2003 was that the surgery could be done at St. Francis Hospital, he ultimately recommended in May 2003, that Ayala should be evaluated and treated at a "tertiary University Center." St. of Undisputed Facts of Defendants Busch, Woody, Peterson, Achebe and Warner, at ¶¶ 65, 67, and 69.[1]

Ayala also filed inmate request forms in 2000-2003, complaining that he was not given some of his prescription medications and vitamins/supplements because of the prison's unnecessary delay in ordering refills. He claimed that correctional officers seized the medication and colostomy supplies he was allowed to store in his cell; he was not getting adequate colostomy supplies; he was forced to store used colostomy bags in his cell; and he was verbally harassed and threatened when he complained about these conditions.[2]

---

[1] In September 2003, while Ayala was incarcerated at South Woods State Prison, Dr. Alvarez of the University of Medicine and Dentistry in Newark, New Jersey, evaluated Ayala for a possible colostomy reversal in early 2004. In October and November 2003, Dr. Alvarez performed surgery to repair Ayala's colostomy and bladder leak. Id. at ¶¶ 87-89. In December 2003, Dr. Alvarez told the prison's medical director that the colostomy would have to be permanent. Id. at ¶¶ 91-92; 117(5)-(6).

[2] Although Ayala alleges that the delay in receiving medication and adequate colostomy supplies has been a problem since his discharge from the hospital in 1995, there is no evidence of the extent or nature of these delays. Furthermore, there is no record evidence that Ayala pursued inmate grievances prior to 2000, and thus, to the extent that Ayala claims delay in medical treatment before 2000, the claim is not exhausted.

In January 2002, Ayala filed a complaint pursuant to 42 U.S.C. § 1983, which was amended by counsel in February 2003 ("the Complaint"), alleging that Kimberley A. Busch, LPN; Jennifer P. Woody, LPN; Ellen Peterson, Nursing Supervisor; and George Achebe, M.D. Supervising Physician, N.J. State Prison (hereafter the "Medical Defendants"); and Devon Brown, Commissioner, violated his Eighth and Fourteenth Amendment rights by: denying Ayala surgery to reverse the colostomy that was recommended by Dr. Salloum in 1995; denying Ayala full access to the medical supplies necessary to manage his colostomy; refusing Ayala access to the medical waste bin to dispose of used colostomy supplies and bags, requiring Ayala to store the used materials in his cell instead; and failing to order timely refills of medically necessary and prescribed medications. He also asserted that supervisory staff were aware of his complaints regarding the denial of surgery, medical supplies, and medications but did nothing about them.

Ayala also alleged that Roy Hendricks, Administrator, N.J. State Prison; S. Carole Holt, Sheila Lee, Donald Lewis, Ellen Warner, and Shirley Tyler (collectively "NJSP administrative defendants") were deliberately indifferent to his medical needs for inadequately handling Ayala's prison grievances concerning his medical care. Ayala further claimed that defendants Gerald, Jackson, Kirby and Nurse Busch discriminated against him based on his race and immigration status in violation of his civil rights under §§ 1983, 1985 and 1986 and the Fourteenth Amendment. In addition to these federal claims, Ayala asserted two state law claims: medical malpractice against the Medical

4

defendants; and intentional infliction of emotional distress against defendants Gerald, Jackson, Kirby and Nurse Busch.

The Medical defendants, NJSP Administrative defendants, and Kirby filed separate motions for summary judgment. Ayala cross-moved for summary judgment on the federal claims. On February 24, 2005, the District Court granted summary judgment in the defendants' favor and denied Ayala's cross-motion. Ayala timely appealed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. See Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990). Summary judgment shall be granted when "no genuine issue [exists] as to any material fact and [when] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We view the facts in the light most favorable to the nonmoving party and we draw all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997). We will affirm.

We turn first to Ayala's Eighth Amendment claims against the Medical defendants. "It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); see also White v. Napoleon, 897 F.2d 103, 108 (3d Cir.1990) (concluding that mere medical malpractice cannot give rise to a violation of the Eighth Amendment). The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of

5

prison officials.  See Daniels v. Williams, 474 U.S. 327 (1986).  Likewise, Eighth Amendment liability under 42 U.S.C. § 1983 requires "more than ordinary lack of due care for the prisoner's interests or safety."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  Only "unnecessary and wanton infliction of pain" or "deliberate indifference to the serious medical needs" of prisoners is sufficiently egregious to rise to the level of a constitutional violation.  White v. Napolean. 897 F.2d at 108-09 (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

The District Court properly disposed of Ayala's Eighth Amendment claim against the Medical defendants.  The evidence clearly establishes that Ayala received regular medical care for his ulcerative colitis, including evaluations by various medical personnel, prescriptions, and conservative treatment plans.  Although Ayala argues that the Medical defendants should have approved the colostomy reversal surgery suggested by Dr. Salloum in 1995, and should have referred him to a specialist who could perform the surgery, these allegations are simply not enough, in and of themselves, to state a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 107.  In short, although Ayala would have preferred a different course of treatment, his preference does not establish a cause of action.  Inmates of Allegheny Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (noting that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . .  which remains a question of sound professional judgment" (citations omitted)).

Moreover, as the District Court correctly determined, sporadic delays (not

6

exceeding four days at any one time) in providing prescription medication to Ayala in 2002-2003, do not amount to deliberate indifference on the part of the named defendants. As for the failure to provide a new colostomy bag every day, even assuming that it is medically necessary for colostomy bags to be changed daily, the record reveals no pattern of deprivation that rises to the level of deliberate indifference. Ayala admitted that the typical practice at the prison was to provide him a thirty-day supply of colostomy bags. See Ayala's Reply Br. at 7. Although the defendants may have failed to provide a new colostomy bag to Ayala on occasion, at best, their failure amounts to negligence, not deliberate indifference. Likewise, requiring Ayala to store used bags in his cell or throw them in the regular trash, although unseemly and ill-advised, also fails to rise to the level of deliberate indifference. Moreover, we note that Ayala alleges no injury resulting from this practice. Accordingly, Ayala has not established an Eighth Amendment violation with respect to the treatment of his ulcerative colitis.

To the extent that Ayala is alleging deliberate indifference by the NJSP Administrative defendants and Commissioner Devon Brown for failing to approve colostomy reversal surgery, prison administrators cannot be found deliberately indifferent under the Eighth Amendment because they fail to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of prison physicians. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (holding that non-physician defendants were not deliberately indifferent where they did not respond to the medical complaints of a prisoner who was being treated by a

7

prison doctor); see also White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988) (concluding that supervisory official "justifiably relied" on the opinion of medical staff concerning the medical need for treatment). Here, Dr. Salloum's discharge summary recommended, but did not direct, that Ayala undergo colostomy reversal surgery.

Ayala's claims against the NJSP Administrative defendants for their allegedly inadequate responses to his internal prison grievances concerning his medical care and treatment were properly dismissed. Prison inmates do not have a constitutionally protected right to a grievance process. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir.2001) (citing cases). Accordingly, because Ayala cannot establish a due process violation stemming from the handling of his grievances, the claims against the NJSP Administrative defendants were properly dismissed at summary judgment.

Turning to Ayala's discrimination claims, the District Court properly ruled that Ayala failed to establish that he was singled out or treated differently from other similarly situated inmates based on his race or alien status. Furthermore, Ayala's allegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983. See Ivey v. Wilson, 832 F.2d 950, 954-955 (6th Cir. 1987) (holding that verbal abuse, alone, is not an Eighth Amendment violation); Patton v. Przybylski, 822 F.2d 697 700 (7th Cir. 1987) (holding that use of derogatory racial epithets does not violate the Fourteenth Amendment); see also Balliet v. Whitmire, 626 F. Supp. 219 (M.D. Pa. 1986) (holding that use of profane and vulgar language by a state investigator during an interview is not a civil rights violation), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Table).

8

To the extent that Ayala claims that Correctional Officer Gerald used excessive force when he stepped on the backs of Ayala's feet as he walked to his cell from the shower on one occasion, there is no basis in the record to show that the force used was excessive. See Whitley v. Albers, 475 U.S. 312, 320-22 (1986).

Finally, Ayala's state law claims were properly rejected by the District Court. Because the negligence in a medical malpractice action encompasses matters not within the ordinary knowledge and experience of laypersons, New Jersey law generally requires that a medical expert testify with a reasonable degree of medical certainty that the acts in question deviated from acceptable medical standards, and that such deviation caused the harm suffered. See N.J. Stat. Ann. § 2A:53A-27; Hubbard v. Reed, 774 A.2d 495, 499 (N.J. 2001). We agree with the District Court that lay people lack the experience and understanding required to assess the standard of care for a colostomy patient like Ayala who seeks reversal of a colostomy or medication for his medical condition. Ayala failed to produce the required affidavit of an expert and, thus, he did not establish a claim for medical malpractice under New Jersey law.

Ayala argues that he was excused from submitting an affidavit concerning the delay in providing colostomy supplies because the meritorious nature of this claim was readily apparent from a reading of his Complaint. We disagree. But even assuming that no affidavit was required, we find nothing in the record that shows that Ayala suffered any harm, especially where it is undisputed that the normal practice was to provide new colostomy bags daily.

9

Ayala's intentional infliction of emotional distress claim was properly dismissed at summary judgment substantially for the reasons set forth by the District Court in its Opinion.  Viewing the undisputed facts in the light most favorable to Ayala, the defendants' conduct was not outrageous or extreme as a matter of law.  See Buckley v. Trenton Sav. Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988).

Accordingly, we will affirm the judgment of the District Court.  Ayala's motion for appointment of counsel is denied.